25 F.3d 1049
 16 O.S.H. Cas.(BNA) 1802, 1994 O.S.H.D. (CCH)
P 30,480
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PIPING OF OHIO, INC., Petitioner,
v.
SECRETARY OF LABOR, et al., Respondents.
 No. 93-3565.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1994.
 
 Before: KEITH, SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Petitioner, Piping of Ohio, Inc. ("Piping"), appeals the decision of the Occupational Safety and Health Review Commission ("Commission") finding it violated several underground excavation standards. For the reasons stated below, we AFFIRM the Commission's decision.
 
 I.
 
 2
 In November 1991, Piping, a company specializing in underground construction, replaced a water line at the Armco Steel Plant in Middleton, Ohio. To reach the water line, Piping excavated two trenches, one located between steam pit No. 54 and steam pit No. 53 ("the east trench"), and the other between steam pit No. 53 and steam pit No. 52 ("the west trench").
 
 
 3
 On November 20, 1991, a business agent of a local ironworkers union observed a Piping employee in the east trench. Because the agent believed the walls of the trench were insufficiently sloped, he notified the area office of the Occupational Safety and Health Agency ("OSHA") of a possible safety hazard.
 
 
 4
 The same day an OSHA industrial hygienist was performing a health inspection at Armco's plant. The OSHA area office contacted the hygienist and instructed him to inspect Piping's excavation for imminent danger. The hygienist visited the site after work hours, photographed the site, and reported his findings to the OSHA area office. The next day OSHA Compliance Officer John Boylan ("Boylan") inspected the Piping worksite.
 
 
 5
 On December 3, 1991, after Boylan's inspection, the Secretary of Labor ("Secretary") issued two citations alleging three serious violations of the Occupational Safety and Health Act of 1970 ("Act") and a fourth willful violation of the Act. The Secretary alleged Piping violated the Act by failing to: (1) properly train its employees in violation of 29 C.F.R. Sec. 1926.21(b)(2); (2) provide safe egress from an excavation in violation of 29 C.F.R. Sec. 1926.651(c)(2); (3) have a competent person available to conduct daily inspections of the excavation in violation of 29 C.F.R. Sec. 1926.651(k)(1); and (4) adequately slope the walls of the excavation in violation of 29 C.F.R. Sec. 1926.652(a)(1). Additionally, the Secretary alleged the Sec. 652(a)(1) violation was serious and repeated. Piping contested all the citations.
 
 
 6
 An OSHA Review Commission administrative law judge ("ALJ") conducted a hearing, affirmed the citations and imposed civil penalties. Although Piping sought review of the ALJ's decision, review was denied. On April 5, 1993, the ALJ's decision became the final order of the Commission. This timely appeal followed.
 
 II.
 
 7
 On appeal, Piping argues the ALJ erred by failing to dismiss the action where the Secretary's filing of the complaint was untimely, and by concluding Piping affected interstate commerce. Additionally, Piping argues the ALJ's decision is not supported by substantial evidence, is contrary to law, and contains prejudicial procedural errors.
 
 
 8
 Having carefully considered the record and the issues presented in the briefs and at oral argument, we find no error warranting reversal. We, therefore, AFFIRM the decision of the Honorable James D. Burrough, Administrative Law Judge, finding Piping failed to: (1) properly train its employees in violation of 29 C.F.R. Sec. 1926.21(b)(2); (2) provide safe egress from an excavation in violation of 29 C.F.R. Sec. 1926.651(c)(2); (3) have a competent person available to conduct daily inspections of the excavation in violation of 29 C.F.R. Sec. 1926.651(k)(1); and (4) adequately slope the walls of the excavation in violation of 29 C.F.R. Sec. 1926.652(a)(1) which was a serious and repeated violation.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation